UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KENNETH M. BELL,                )
                                )
            Petitioner,          )
    vs.                          )    2:14-cv-174-JMS-DKL
                                )
L. LARIVA, Warden,               )
                                )
            Respondent.          )

**Entry and Order Dismissing Action**

**I.**

Kenneth Bell pled guilty in the Western District of Michigan in No. 1:11–CR–84 to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Sentence was imposed in September 2011. The sentence included an executed term of 76 months. Bell is now confined within the Southern District of Indiana and challenges his sentence pursuant to 28 U.S.C. § 2241.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

Bell recognizes this qualification. He posits that his sentences were enhanced improperly and contrary to the subsequent ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which

holds that facts that increase the minimum authorized statutory punishment must be admitted or proven beyond a reasonable doubt. *Id.* at 2155, 2161. However, until the Supreme Court declares otherwise, *Alleyne* may not be applied retroactively to cases on collateral review. *See Kellogg v. U.S.,* 2013 WL 6065331 (N.D.Ala. 2013). Additionally, *Alleyne* is not a statutory interpretation case, but "establishes a new rule of constitutional law." *Simpson v. U.S.*, 721 F.3d 875, 876 (7th Cir. 2013). This makes it a rule inapplicable to the savings provision in § 2255(e). *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) ("First, the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.'").

Even if the principle articulated in *Alleyne* were retroactively applicable, *Alleyne* would not aid Bell. This is because he plead guilty. *United States v. Harris,* 543 Fed.Appx. 587, 598 (7th Cir. 2013) (noting that defendant's "appellate claim relying on [*Alleyne*] would be frivolous," because in pleading guilty he admitted the charges and "waived his right to a jury determination."); *United States v. Hood,* 2013 WL 6170886, at *2 (7th Cir. Nov. 26, 2013) (finding *Alleyne* inapplicable where the defendant "waived his right to a jury determination by pleading guilty, and his admissions concerning type and quantity during the plea colloquy satisfied the government's evidentiary burden"); *United States v. Melville*, 2014 WL 173416 (E.D.N.Y. Jan. 13, 2014).

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Bell has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __August 26, 2014__

*(signature)*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH M. BELL
15843-060
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808